JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 3 1 2001

FILED
CLERK'S OFFICE

RELEASED FOR PUBLICATION

DOCKET NO. 1421

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE WIRELESS TELEPHONE RADIO FREQUENCY EMISSIONS PRODUCTS LIABILITY LITIGATION

BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ, JUDGES OF THE PANEL

TRANSFER ORDER

This litigation presently consists of four actions: one action each in the Eastern District of Louisiana, the District of Maryland, the Southern District of New York and the Eastern District of Pennsylvania. Before the Panel is a motion by certain telecommunications defendants,[1] pursuant to 28 U.S.C. § 1407, to centralize the actions in either the District of Maryland, Eastern District of Louisiana or Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings.[2] Several defendants[3] join in this motion. All plaintiffs oppose Section 1407 centralization.

At the hearing it was announced that four of the seven Panel members hold stock interests that would normally disqualify them under 28 U.S.C. § 455 from participating in the decision of this matter regardless of the insignificance of the financial impact any determination would likely have upon those interests. The statute, 28 U.S.C. § 1407(d), prescribes that "[t]he concurrence of four members shall be necessary to any action by the panel," and no provision is made for the appointment or assignment of substitute panelists in the event of disqualifications. The Panel thus differs from most courts in which other judges are available to replace any members of the court who are disqualified in a particular matter under § 455. In this proceeding, therefore, the Panel would be rendered incapable of discharging its

---

[1] Verizon Communications, Inc., Motorola Corporation, Cingular Wireless LLC, Sprint Corporation, and Philips Corporation.

[2] The Panel has been notified that a related action is pending in the Northern District of Georgia. This action and any other newly filed actions that come to the Panel's attention will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[3] AT&T Corp., Audiovox Communications Corp., Baltimore Business Communications, Inc., Bell South Mobility, Bell South Mobility LLC, Cellco Partnership, Cellular One Group, Cingular Wireless, Motorola, Inc., NEC America Inc., Nokia Mobil Phones, Inc., Nokia, Inc., Philips Electronic North America Corp., Samsung Electronics, SANYO North America Corporation, SBC Telcom Inc., Sprint PCS Limited Partnership, Sprint Spectrum LLP d/b/a Sprint PCR, Verizon Maryland, Inc., and Verizon Wireless.

unquestioned statutory jurisdiction and responsibility but for the "rule of necessity" – that is, the well established concept that a judge is duty bound to perform his or her jurisdictional authority even in the face of a statutory disqualification if recusal would result in the lack of a forum in which the issue can be adjudicated. In *United States v. Will*, 449 U.S. 200, 217, 101 S.Ct. 471, 481 (1980), the Court not only recognized the viability of the "rule of necessity" in the federal courts in general, it also held more specifically that § 455 does not negate the application of the rule when invoked to preserve a forum for decision. The Court said:

> The congressional purpose so clearly expressed in the Reports gives no hint of altering the ancient Rule of Necessity, a doctrine that had not been questioned under prior judicial disqualification statutes. The declared purpose of § 455 is to guarantee litigants a fair forum in which they can pursue their claims. Far from promoting this purpose, failure to apply the Rule of Necessity would have a contrary effect, for without the Rule, some litigants would be denied their right to a forum. The availability of a forum becomes especially important in these cases.

As ruled at the hearing, therefore, all of the members of the Panel participated in the decision of this matter under the "rule of necessity" in order to provide the forum created by the statute, 28 U.S.C. § 1407.[4]

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact arising out of allegations that defendants misrepresented and concealed alleged adverse health risks of wireless telephone use that could be eliminated by use of a telephone headset. Centralization under Section 1407 in the District of Maryland will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while accordingly being necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary.

In light of the geographic dispersal of the parties involved in this docket, no federal district stands out as the focal point for this litigation. We are persuaded that the District of Maryland is the most appropriate transferee forum for this litigation. We note that an action is pending there before Judge Catherine C. Blake, who already has relevant experience with some issues likely involved in this litigation.

---

[4] The Panel recognizes that the addition of any one of the four disqualified members would be sufficient to provide a quorum, but would not necessarily provide the required "concurrence of four members" in order to reach a decision. Application of the rule of necessity therefore required that all of the members who would otherwise be disqualified by § 455 participate in the hearing and the decision. In any event, the possibility of applying other procedural approaches was rendered moot because the decision of the Panel on the merits was unanimous.

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the District of Maryland are transferred to the District of Maryland and, with the consent of that court, assigned to the Honorable Catherine C. Blake for coordinated or consolidated pretrial proceedings with the action pending there.

FOR THE PANEL:

/s/ Wm. Terrell Hodges

Wm. Terrell Hodges
Chairman

# SCHEDULE A

MDL-1421-- In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation

### Eastern District of Louisiana

*Garrett J. Naquin, et al. v. Nokia Mobile Phones, Inc., et al.*, C.A. No. 2:00-2023

### District of Maryland

*J. Douglas Pinney, M.D., et al. v. Nokia Inc., et al.*, C.A. No. 1:01-1456

### Southern District of New York

*Crystal Gilliam, et al. v. Nokia Inc., et al.*, C.A. No. 1:01-4275

### Eastern District of Pennsylvania

*Francis J. Farina v. Nokia Inc., et al.*, C.A. No. 2:01-2477